# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LENELL M. HIBBLER,**

                Petitioner,

      v.                              Case No. 09-C-118

**WILLIAM POLLARD,**

                Respondent.

## ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS

On February 5, 2009, Lenell M. Hibbler ("Hibbler"), a person incarcerated pursuant to a state court judgment, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Accompanying Hibbler's petition was a motion to proceed in forma pauperis.

In accordance with Rule 4 of the Rules Governing Section 2254 Cases, this court must conduct a preliminary review of the petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4.

Hibbler's conviction was affirmed on direct appeal by the court of appeals on October 3, 2007. (Docket No. 1 at 20.) The Wisconsin Supreme Court denied Hibbler's petition for review on December 19, 2007. (Docket No. 1 at 23.) Hibbler did not file a petition for review with the United States Supreme Court and therefore, his conviction became final on March 19, 2008 when the 90 days for filing a petition for review with the United States Supreme Court, see Sup. Ct. R. 13, passed without Hibbler filing a petition for review. Accordingly, pursuant to 28 U.S.C.§ 2244(d)(2),

Hibbler has until March 19, 2009 in which to file a habeas petition pursuant to 28 U.S.C. § 2254. Hibbler's present petition is well within this deadline.

However, Hibbler acknowledges that his petition includes claims on which he has not exhausted his state court remedies. Hibbler states that he has filed a motion for post-conviction relief pursuant to Wisconsin Statute § 974.06 on February 1, 2009 to exhaust these claims. In a cover letter addressed to the Clerk, which the Clerk has not yet electronically filed, Hibbler asks the court "to either consider all issues raised in this petition, or hold this petition in abeyance until all issues mixed and exhausted, are fully exhausted in state court proceedings."

The court is precluded from granting Hibbler the relief he requests when he has not exhausted his state court remedies. See 28 U.S.C. § 2254(b)(1)(A). Accordingly, Hibbler's first request is not an option for this court.

As for his second proposed option, pursuant to Rhines v. Weber, 544 U.S. 269 (2005), federal courts may grant a habeas petitioner's request for a stay only in limited circumstances. First, there must be good cause for the petitioner's failure to exhaust state remedies. Id. at 277. Second, the unexhausted claims must not be plainly meritless. Id. Finally, the court must determine that the petitioner has not engaged in intentionally dilatory litigation tactics. Id.

Hibbler has failed to present any reason, let alone a good reason, for why he has failed to exhaust the relief he requests. Thus, the court cannot grant Hibbler's request for a stay and to hold his petition in abeyance as he exhausts his state court remedies. Thus, Hibbler has essentially two options. First, he could amend his present petition to include only his exhausted claims and proceed now with those exhausted claims. However, doing so would likely forever bar him from seeking federal habeas relief with respect to his unexhausted claims.

Second, the court can dismiss his present petition without prejudice. Provided his present motion for post-conviction relief was "properly filed" the time during which this post-conviction

motion is pending in the state courts is not counted toward the one-year statute of limitations. See 28 U.S.C. § 2244(d)(2). Thus, upon Hibbler exhausting his state court remedies, it would be necessary for him to promptly refile a petition for federal habeas relief because, at most, he would appear to have roughly one month in which to file a timely petition.

As for Hibbler's petition to proceed in forma pauperis, (Docket No. 2), the court has reviewed Hibbler's financial affidavit and attached prison trust account statement and it is the conclusion of the court that Hibbler has the resources to pay the required filing fee in this action, which is only $5.00. Therefore, Hibbler's petition to proceed in forma pauperis is **denied**.

Therefore, the choice of how to proceed is up to Hibbler. If Hibbler wishes to proceed with only his unexhausted claims, within 30 days of this order he shall pay the **$5.00** filing fee and promptly submit either an amended petition or at a minimum, a letter indicating which claims he intends to proceed upon. If Hibbler wishes to dismiss his petition in order to exhaust his state court remedies, he should promptly notify the court of this intention. Alternatively, if Hibbler fails to pay the filing fee within **30 days** of the date of this order, Hibbler's petition shall be dismissed.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 6th day of February 2009.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge